**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 25 CR 318 |
| | ) | Judge Matthew Kennelly |
| v. | ) | |
| | ) | |
| SUFYAN FEROZE | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SUFYAN FEROZE'S MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS STATEMENTS AND TO SET A BRIEFING SCHEDULE**

Defendant, **Sufyan Feroze**, by and through Cheronis & Parente, his recently retained counsel, respectfully moves this Court, pursuant to Federal Rules of Criminal Procedure 12(c)(2) and 12(c)(3), for leave to file the attached Motion to Suppress Post-Arrest Statements (Exhibit A)[1], or, in the alternative, to reset the pretrial motion deadline for the limited purpose of that motion, and to set a briefing schedule. The attached motion raises a specific constitutional issue: that agents continued to interrogate Mr. Feroze after he invoked his right to counsel during his June 13, 2025 custodial interview, an invocation the questioning agent acknowledged on the recording as well as whether there was a knowing and voluntary waiver.

Undersigned counsel identified that issue during an expeditious review of the file following their recent retention and brings it to the Court promptly and before trial.

In support of this motion, Mr. Feroze, through counsel, submits the following:

[1] The proposed Motion to Suppress Statements is 17 pages in length and includes three exhibits. If the Court grants Mr. Feroze leave to file it, counsel will also file the exhibits and a motion for leave to exceed the 15-page limit under Local Rule 7.1.

## I. Background

### A. The Charges and the Pretrial Motion Deadline

1. Mr. Feroze was arrested on June 13, 2025 on a criminal complaint charging money laundering. On July 13, 2026, the grand jury returned an eight-count Second Superseding Indictment charging Mr. Feroze and his co-defendant with health care fraud (Counts One through Six, 18 U.S.C. § 1347) and conspiracy to commit money laundering (Count Seven, 18 U.S.C. § 1956(h)), and charging Mr. Feroze alone with a violation of 18 U.S.C. § 1957(a) (Count Eight). Dkt. # 125.

2. On June 25, 2025, the Court entered a scheduling order setting September 17, 2025 as the deadline for pretrial motions. Dkt. # 26. Trial is currently set for December 7, 2026. The final pretrial conference is set for December 1, 2026.

### B. Appearance of New Counsel and Counsel's Review of the File

3. Undersigned counsel was retained and filed an appearance on September 15, 2026. Dkt. # 154, 155. The pretrial motion deadline had already expired by this point when counsel entered the case.

4. Undersigned Counsel received discovery within a week of filing an appearance and promptly began reviewing the voluminous disclosures. This included Mr. Feroze's post-arrest statement.

5. Undersigned Counsel identified the invocation-of-counsel issue described below and drafted the attached motion.

6. These facts are set out in the Declaration of Damon M. Cheronis, attached as Exhibit B.

**C. The Suppression Issue**

7. Mr. Feroze was interviewed at the FBI's Chicago Field Office at approximately 8:00 p.m. on June 13, 2025. After the agent read the Advice of Rights form, Mr. Feroze said he would "involve my lawyer at some point." The agent asked: "you want to invoke right now?" Mr. Feroze answered: "Yeah. I mean, I'm definitely gonna need an attorney. ... I'm definitely gonna need some legal representation here." The agent responded: "So, so right now that, that's, that's an invocation." Tr. 12:17–12:38.

8. The agents did not stop. The agent asked whether Mr. Feroze still wanted to talk about his case, told him in response to his question about retaining a lawyer that "you're good to go if you want to talk with us," and witnessed the waiver form. Tr. 12:38–13:18. The agents then questioned Mr. Feroze for roughly twenty-five minutes about his role at the laboratories, his authority over their bank accounts, payments he made to employees and billers, a $1.5 million check, and transfers to a company in Dubai. Tr. 16:11–40:26. Those subjects track the allegations in the Second Superseding Indictment. Dkt. # 125 at ¶¶ 1(y), 7; *id.*, Count Seven, ¶ 7.

**II. Argument**

**A. Governing Standard**

9. A motion to suppress evidence must be raised by pretrial motion if its basis is reasonably available. Fed. R. Crim. P. 12(b)(3)(C). The Court "may, at any time before trial, extend or reset the deadline for pretrial motions." Fed. R. Crim. P. 12(c)(2). If a party misses the deadline, the motion is untimely, "[b]ut a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). Both provisions commit the question to the Court's sound discretion.

10. Mr. Feroze asks the Court to exercise that discretion under either provision. Because trial has not begun, the Court may reset the deadline for this single motion under Rule 12(c)(2). Alternatively, good cause exists under Rule 12(c)(3) for the reasons set out below.

**B. Good Cause Exists Because Newly Retained Counsel Identified the Issue During a Diligent Review and Acted Promptly**

11. Mr. Feroze does not contend that the recording or transcript of his interview is newly disclosed evidence. Nor does Mr. Feroze contend that a change of counsel, standing alone, excuses compliance with the Court's schedule. The Seventh Circuit has rejected that proposition. *See United States v. Jacobs*, 134 F.4th 977 (7th Cir. 2025).

12. Good cause rests instead on the specific chronology set out above and in Exhibit B. Undersigned counsel was retained after the motion deadline expired. Counsel received the relevant materials and soon identified the invocation issue and filed this motion within days of doing so. At each step counsel acted promptly, and counsel brings the issue to the Court well before trial rather than holding it for a mid-trial objection.

13. That chronology distinguishes this case from those in which the Seventh Circuit has found good cause lacking. In *Jacobs*, replacement counsel had approximately ten months before trial and had considered, but declined to pursue, a suppression motion. 134 F.4th at 983. Here, counsel has been in the case for one month, and no suppression motion directed to these statements was previously considered and abandoned by current counsel. In *United States v. Cox*, 54 F.4th 502 (7th Cir. 2022), the defendant failed to explain when the basis for the motion became known and why it was not raised earlier. Mr. Feroze provides both, supported by counsel's declaration.

**C. The Attached Motion Raises a Substantial and Narrow Constitutional Issue**

14. The attached motion is not a speculative or boilerplate challenge. It identifies a precise invocation on the recording: the agent asked whether Mr. Feroze wanted to "invoke right now," Mr. Feroze said "Yeah," and the agent stated "that's an invocation." Tr. 12:25–12:38. Questioning nonetheless continued. Under *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981), and *Smith v. Illinois*, 469 U.S. 91, 98–100 (1984), that sequence presents a substantial Fifth Amendment question. The attached motion also confronts the government's likely arguments regarding ambiguity, reinitiation, and waiver.

15. The issue is also narrow. It concerns a single recorded interview of under one hour, and the critical exchange spans roughly one minute of tape. It can be resolved largely, and perhaps entirely, on the recording and the executed Advice of Rights form. The statements at issue go to Mr. Feroze's knowledge and role, the central contested questions at trial. Resolving their admissibility before trial serves the orderly administration of the case and avoids litigating the question in the midst of trial.

**D. The Request Is Not Tactical and Can Be Accommodated Within the Existing Schedule**

16. This request is made in good faith and not for purposes of delay. He seeks leave to file one motion, already completed and attached.

**E. The Government's Position**

17. Undersigned counsel conferred with the government attorneys on October 12, 2026 to gauge their position on this request. On October 13, 2026 the government indicated that it opposes the request.

## III. Conclusion and Relief Requested

18. For the foregoing reasons, Mr. Feroze respectfully requests that the Court:

(a) grant him leave to file the Motion to Suppress Post-Arrest Statements attached as Exhibit A, or, in the alternative, reset the pretrial motion deadline under Rule 12(c)(2) for the limited purpose of that motion;

(b) set the briefing schedule as the Court deems appropriate; and

(c) grant such further relief as the Court deems just.

Respectfully Submitted,

s/ Damon M. Cheronis
**Damon M. Cheronis**

**Cheronis & Parente LLC**
140 S. Dearborn Street, Suite 404
Chicago, IL 60603
(312) 663-4644
damon@cheronislaw.com